KRISTIN ZILBERSTEIN, ESQ. SBN 200041
JENNIFER R. BERGH, ESQ. SBN 305219
THE LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010 ext. 1010
Fax: (949) 427-2732
Email: Kzilberstein@ghidottilaw.com

Attorneys for Respondent
U.S. Bank National Association, not individually
but solely as Trustee for BlueWater Investment
Trust 2018-1, its successors and assigns

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| In re: | CASE NO.: 18-13657 |
| | Chapter 13 |
| Martina Dul, aka Martyna Obszynski | |
| | OBJECTION TO CONFIRMATION OF DEBTORS' PLAN |
| Debtor | |
| | Hearing Date: 1/9/2019 |
| | Hearing Time: 9:00AM |
| | Honorable Fredrick E. Clement |

1

TO THE HONORABLE JUDGE FREDRICK E. CLEMENT, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, HER ATTORNEY OF RECORD AND THE CHAPTER 13 TRUSTEE, MICHAEL H. MEYER:

U.S. Bank National Association, not individually but solely as Trustee for BlueWater Investment Trust 2018-1, ("**Creditor**"), a secured creditor of the above-named Debtors hereby objects to the confirmation of Debtor's Chapter 13 Plan (the "**Plan**") on the grounds that the Plan does not comply with the provisions of Chapter 13 of Title 11, United States Code, and with other applicable provisions of said Title 11.

This objecting Creditor holds a deed of trust on the Debtor's real property commonly described as 1208 DELWOOD AVENUE, BAKERSFIELD, CALIFORNIA 93307 (the "**Property**"), which is Debtors' principal residence. Creditor is entitled to receive payments pursuant to a Promissory Note which is secured by a Deed of Trust on the subject property commonly known as 1208 DELWOOD AVENUE, BAKERSFIELD, CALIFORNIA 93307. As of the Petition Date, the approximate amount in default was $12,463.71, as is described in the Proof of Claim filed by Creditor on November 14, 2018; Creditor files this Objection to protect its interests.

## I

## **ARGUMENT**

Application of the provisions of *11 United States Code Section 1325* determines when a Plan shall be confirmed by the Court. Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed because the Plan does not comply with the provisions of Chapter 13 of the United States Bankruptcy Code.

/ / /

## A. **IMPERMISSIBLY MODIFIES CREDITOR'S RIGHTS**
11 U.S.C. §1322(b)(2)

Under 11 U.S.C. §1322(b)(2), a Plan that modifies the rights of a creditor whose claim is secured only by a security interest in real property that is debtor's principal residence is impermissible. The plan lists $11,224.00 in arrears when the actual arrears are $12,463.71. That reduction in arrears is an impermissible modification. The proposed Plan also does not set forth a reasonable schedule and time period for the payment of the arrearages owed to Secured Creditor because Secured Creditor is not included in the Plan. To cure the pre-petition arrearages of $12,463.71 over a 60 month Plan, Secured Creditor must receive a minimum payment of $207.73 per month from the Debtor through the Plan. Therefore, the Plan is not feasible.

## B. **DOES NOT MEET FULL VALUE REQUIREMENT**
11 U.S.C. §1325(a)(5)(B)(ii)

The Debtors' Plan does not provide for cure of the pre-petition arrears owed to Creditor. The pre-petition arrears owed to Creditor are no less than approximately $12,463.71. Debtors' Plan provides for $11,224.00 in arrears payments to Creditor. Accordingly, Debtor will be required to amend her Plan to fully provide for the pre-petition arrears owed to Creditor. Since Debtor's Plan does not provide for cure of the default of the pre-petition arrears owed to Creditor, the Plan does not meet the full value requirement and fails to satisfy 11 U.S.C. §1325(a)(5)(B)(ii).

////

////

////

////

WHEREFORE, Creditor objects to confirmation of the Plan and requests as follows:

    a.    The confirmation of the Proposed Chapter 13 Plan be denied; or, in the alternative,

    b.    Debtor's plan be amended to reflect the arrears amount listed in Secured Creditor's filed proof of claim

    c.    For attorneys' fees and costs herein, and

    d.    For such other relief as this Court deems proper.

DATED: November 26, 2018        THE LAW OFFICES OF MICHELLE GHIDOTTI

By: /s/ Kristin Zilberstein Esq.
Kristin Zilberstein, Esq.
U.S. Bank National Association, not individually but solely as Trustee for BlueWater Investment Trust 2018-1